# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC SCHUSTER | * | |
| v. | * | Civil Action No. CCB-17-2108 |
| SLM CORPORATION | * | |
| | * | |
| | *** | |

## Memorandum

The plaintiff, Eric Schuster, has sued the defendant, SLM Corporation, ("SLM"), claiming that SLM negligently allowed his daughter to use him as a co-signer on seven student loan agreements without his consent. He also requests that the court enter a declaratory judgment clarifying his relationship to the seven loans. SLM has moved to dismiss these claims. The court will grant SLM's motion.

## Background

The claim arises out of seven loan agreements, amounting to $114,600, that the plaintiff's daughter entered and to which she included the plaintiff as a co-signer without his consent. (Am. Compl., ECF No. 3, ¶ 5-26). SLM allegedly approved these loans without verifying that Schuster had agreed to co-sign them. (*Id.* at ¶ 27). Schuster discovered his loan liability only after he was contacted by SLM for payment. (*Id.* at ¶ 28).

Schuster now invokes the court's diversity jurisdiction to sue SLM alleging that it negligently approved his daughter's loans without verifying the authenticity of his co-signature.[1] SLM moves to dismiss the claim under Fed. R. Civ. P. 12(b)(6) arguing that because it does not

---

[1] Schuster has not named his daughter as a defendant in this case.

1

owe a duty to Schuster it could not have committed negligence and, even if a duty did exist, SLM was not the proximate cause of his injuries. (Mot. to Dismiss, ECF No. 5).

**Standard of Review**

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). And the plaintiff typically must do so by relying solely on facts asserted within the four corners of his complaint. *Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606-07 (4th Cir. 2015).

**Analysis**

SLM argues that Schuster's case should be dismissed because it did not owe a duty to protect Schuster from fraud and, even if it did, it was not the proximate cause of Schuster's injury. Because this case arises under the court's diversity jurisdiction it must look to Maryland law for governing negligence principles.

A. Duty

Under Maryland law, a plaintiff alleging negligence must prove four elements: duty, breach, causation, and damages. *Balfour Beatty Infrastructure, Inc. v. Rummel Klepper & Kahl, LLP*, 451 Md. 600, 610 (2017). Generally, whether a duty exists turns on an examination of "the

nature of the harm likely to result from a failure to exercise due care and . . . the relationship that exists between the parties." *Id.* at 611 (internal quotations omitted). In cases in which there are "no safety concerns and the risk [is] purely economic," Maryland courts have "refrained from finding a tort duty absent . . . an intimate nexus." *Id.* at 614 (internal quotations omitted).

An intimate nexus exists if there is contractual privity or its equivalent or some "linking conduct" between a defendant bank and a plaintiff.[2] *Id.* at 620. Although a contractual relationship will satisfy the standard, banks do not typically owe a duty to their customers beyond whatever contractual relationship might bind them. *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 778-79 (4th Cir. 2013). Indeed, "[c]ourts have been exceedingly reluctant to find special circumstances sufficient to transform an ordinary contractual relationship between a bank and its customer into a fiduciary relationship or to impose any duties on the bank not found in the loan agreement." *Id.* at 778 (quoting *Parker v. Columbia Bank*, 568 A.2d 521, 532 (Md. Ct. Spec. App. 1992)).

In the case of non-customers, by contrast, courts apply the "well-established rule . . . that a bank . . . does not owe a duty to a non-customer with whom it has no direct relationship" absent special circumstances. *Nat'l Grange Mut. Ins. Co. v. Verizon's Benefits Ctr.*, 541 F. Supp. 2d 745, 749-50 (D. Md. 2008); *see also Eisenberg v. Wachovia Bank*, 301 F.3d 220, 226 (4th Cir. 2002) (considering North Carolina law); *Iglesias v. Pentagon Title & Escrow, LLC*, 51 A.3d 51, 67-68 (Md. Ct. Spec. App. 2012). A close relationship and reliance on a bank's "exercise of due care," if a bank "knew or should have known of the plaintiff's reliance" on its conduct, are both circumstances that may give rise to an intimate nexus. *Balfour*, 451 Md. at 619-21.

---

[2] Maryland courts sometimes apply the three-part *Credit Alliance*/*Walpert* test to cases involving economic loss. They have not yet, however, extended the test beyond accountants and title examiners. Courts have readily applied the general "contractual privity or its equivalent" test since *Credit Alliance* and *Walpert* were decided. *Balfour*, 451 Md. at 618. In any event, no matter which test is applied, the court's "privity-equivalent analysis in economic loss cases looks for linking conduct." *Id.* at 620.

3

Schuster makes two arguments to support the existence of a duty on the part of SLM to protect him from fraud. First, he argues that SLM owed him a duty because both parties are members of a prior loan agreement, which Schuster did consent to co-sign, and that, because of this previous agreement, SLM should have recognized that the new email address and phone number his daughter provided for him on the fraudulent loan agreements were phony. And second, he claims that SLM owed him a duty because it had no safeguards "to protect [him] from the possibility of being fraudulently listed as a co-signer." (Pl.'s Opp., ECF No. 10).

The court need not consider Schuster's first argument because it relies on evidence that appears for the first time in his opposition to SLM's motion to dismiss. When ruling on a motion to dismiss the court must limit its review to the facts asserted in the complaint.[3] *Zak*, 780 F.3d at 606-07. Nowhere in Schuster's amended complaint does he mention that he had entered into a prior contractual relationship with SLM, and therefore that alleged fact must be disregarded.[4]

But even if the evidence were considered, the mere fact that Schuster previously contracted with SLM does not "'forecast' evidence sufficient to prove the elements of [his] claim." *Walters*, 684 F.3d at 439 (citation omitted). Although the contract establishes that some duty might exist between the parties, Schuster does not claim that the contractual duty imposed an obligation on SLM to protect Schuster from fraud in a later contract. A duty based in contract is limited by the terms of the agreement from which it arises. *See Spaulding*, 714 F.3d at 778 (finding that "[c]ourts have been exceedingly reluctant to . . . impose any duties on [a] bank not found in [a] loan agreement." (internal quotations omitted)). Here, there is nothing in the

---

[3] The court may break from this general rule when the "document attached to a motion to dismiss . . . is integral to and explicitly relied on in the complaint and when the plaintiffs do not challenge [the document's] authenticity." *Zak*, 780 F.3d at 606-07 (internal quotations omitted). The court also may take judicial notice of facts without "converting [a] motion to dismiss into one for summary judgment." *Id.* at 607. There is no basis to do either in this case.

[4] Schuster even amended his original complaint. The information in his opposition to SLM's motion to dismiss does not appear in either complaint. (Am. Compl., ECF No. 3).

complaint, or even Schuster's opposition to SLM's motion to dismiss, to indicate that SLM agreed, as part of its loan agreement with Schuster, to protect Schuster from fraud. A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

Further, there is no reason to think SLM should have known the new email address and phone numbers Schuster's daughter provided on the seven loan agreements were false or that they constitute special circumstances under Maryland law. New contact information is not facially suspect, the indirect relationship Schuster had with SLM as a co-signer cannot be considered particularly close, and there is no indication that Schuster relied on SLM or that SLM knew or should have known of Schuster's reliance on its conduct. Accordingly, the plaintiff fails to carry his burden.

Schuster's assertion that SLM owed him a general duty because of lax safety measures fares no better. Banks do not owe an indeterminate duty to protect noncustomers from fraud, *Eisenberg*, 301 F.3d at 226, and Schuster makes no factual allegations, besides providing his allegedly valid prior loan agreement, that might create an intimate nexus between himself and SLM.[5] To decide otherwise would be to "expose banks to unlimited liability for unforeseeable frauds." *Id*. at 226-27. Schuster's complaint fails to show that his claims are plausible and, as a result, SLM's motion to dismiss will be granted.[6]

---

[5] The parties also dispute whether SLM was the proximate cause of Schuster's injury. Because the court finds that SLM did not owe Schuster a duty there is no need to consider whether SLM proximately caused Schuster's alleged injuries.
[6] Because the plaintiff has not stated a plausible substantive claim, his request for declaratory judgment also will be denied.

## Conclusion

For these reasons, the defendant SLM's motion to dismiss will be granted. A separate order follows.

<u>October 23, 2017</u>     <u>     /S/                    </u>
Date     Catherine C. Blake
     United States District Judge